806 F.2d 257
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Mildred DAWSON, Appellant,
v.
Otis R. BOWEN, Department of Health and Human Services, Appellee.
 No. 86-1042.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 10, 1986.
Decided Nov. 26, 1986.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. John T. Copenhaver, Jr. District Judge. (C/A 84-2401)
 Roger D. Forman on brief, for appellant.
 Paul S. Ceja, Assistant Regional Counsel, Office of the General Counsel, Department of Health and Human Services (Beverly Dennis, III, Chief Counsel, Region III; Charlotte Hardnett, Supervisory Assistant Regional Counsel on brief), for appellee.
 S.D.W.Va.
 AFFIRMED.
 Before RUSSELL, WIDENER and HALL, Circuit Judges.
 PER CURIAM:
 
 
 1
 Mildred Dawson appeals from the district court's order affirming the Secretary's denial of her claim for social security disability insurance benefits and disabled widow's benefits under Title II of the Social Security Act ("Act") and supplemental security income benefits ("SSI") under Title XVI of the Act. The denial was based upon the determination of an administrative law judge (ALJ) that Dawson did not have a severe impairment which met or equaled the Secretary's listed impairments, and had the capacity to return to her previous employment. The district court found that substantial evidence supported the ALJ's decision. Dawson appeals, arguing that the ALJ erred in denying her claim for widow's benefits and in finding that she was able to perform her past relevant work.
 
 
 2
 To obtain disabled widow's benefits, the claimant must have an impairment or combination of impairments which is the same as, or equal to, an impairment in the "listing of impairments" in Appendix 1 of 20 C.F.R. Part 404, Subpart P. During the period pertinent to this action, Dawson weighed 241 pounds, nine pounds short of the Secretary's listing for obesity, and was diagnosed as having mild problems with joint degeneration, varicose veins and hypertension.[1] The ALJ found that the combination of these impairments did not meet the obesity listing. Moreover, the ALJ held that the claimant's psychiatric diagnosis, reflecting dependency traits and a nervous attitude toward children, did not merit a finding that she met the listing for mental disorders under Section 12.00 Appendix 1 of 20 C.F.R. Part 404, Subpart P. After reviewing the medical evidence, we find that substantial evidence supports the ALJ's determination that Dawson failed to meet either listing, and, therefore, is not entitled to disabled widow's benefits.
 
 
 3
 Nor are we convinced that the ALJ erred in denying the claimant SSI and disability insurance benefits. At the hearing before the ALJ, the claimant testified that she was currently receiving $300 a month in return for babysitting her grandchildren. The performance of services in exchange for $300 per month or less will normally not prove that a claimant is capable of performing substantial gainful activity.[2] However, the weight of the medical evidence in the case places no restriction on Dawson's ability to bend, stand or lift light objects and otherwise perform her past work. This provides substantial evidence supporting the ALJ's denial of SSI and disability insurance benefits on the basis that the claimant remains able to perform her previous employment.
 
 
 4
 For the foregoing reasons, the judgment of the district court is affirmed.
 
 
 5
 AFFIRMED.
 
 
 
 [1]
 The obesity listing is found at Section 10.10 Appendix 1 of 20 C.F.R. Part 404, Subpart P. Under table 11 of that section, a woman of claimant's height, five feet and three inches tall, must weigh 250 pounds and have evidence of at least one medical impairment noted under that section in order to meet the obesity listing. Where the claimant does not meet the weight requirement, her other ailments are considered in conjunction with her weight to determine whether her combined ailments are the medical equivalent of the obesity listing
 
 
 [2]
 20 C.F.R. Sec. 404.1574(b)(2)(vi) states that earnings that average more than $300 per month in a calender year after 1979 will ordinarily show that the individual is engaged in substantial gainful activity